909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert K. AULT; Thomas A. Beall; James Clarke; Kathleen
R. Claubaugh; Donald T. Craine; Earl R. Day;
Frank F. Delius; Samuel C. Detrich;
Harry Fahl, et al.,
Plaintiffs-Appellants,
v.
OSCAR MAYER FOODS CORPORATION, Defendant-Appellee.
 No. 89-3876.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this action for severance pay benefits, plaintiffs appeal from the district court's order granting summary judgment to their former employer, defendant Oscar Mayer Foods Corporation ("Oscar Mayer"). For the reasons set forth below, we AFFIRM.
 
 
 2
 On February 14, 1980, Oscar Mayer purchased CP Distribution Company ("CPDC") from Chef's Pantry, Inc. Plaintiffs were employed by Oscar Mayer at its CPDC facility. On September 30, 1983, Oscar Mayer sold CPDC to Hi-Brand Foods ("Hi-Brand") and terminated plaintiffs' employment. All of the plaintiffs, however, remained at the CPDC facility and were subsequently rehired by Hi-Brand.
 
 
 3
 Plaintiffs initiated this action to secure severance pay benefits from Oscar Mayer on August 31, 1984. Contending that it owed no benefits to plaintiffs and had not violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq., Oscar Mayer moved for summary judgment on March 27, 1989. After considering plaintiffs' memorandum in opposition, the district court granted Oscar Mayer's motion for summary judgment on August 28, 1989. The district court held: first, that because severance pay benefit plans are exempted from the stringent vesting and funding requirements of ERISA, 29 U.S.C. Sec. 1051 and Sec. 1081, Oscar Mayer retained the power to amend its plan and deny benefits to its employees rehired by Hi-Brand;[1] and second, "that even if a severance plan is ambiguous, it should not be construed to require the payment of benefits where the termination of the employer/employee relationship does not result in a loss of employment by the employee." Robert K. Ault, et al. v. Oscar Mayer Foods Corp., No. C84-7838, mem. op. at 8 (N.D.Ohio Aug. 28, 1989) (citing Blakeman v. Mead Containers, 779 F.2d 1146 (6th Cir.1985)).
 
 
 4
 After careful consideration of the record, the briefs submitted and the arguments of counsel, we find no errors in the disposition of this case by Magistrate James G. Carr, United States District Court for the Northern District of Ohio.[2]
 
 
 5
 Accordingly, we hereby AFFIRM based on the district court's memorandum and order entered on August 28, 1989.
 
 
 
 [1]
 On the issue of Oscar Mayer's amendment of the plan, despite its technical noncompliance with 29 U.S.C. Sec. 1102(B), see Adams v. Avondale, No. 89-3634, --- F.2d ---- (6th Cir. June 15, 1990)
 
 
 [2]
 With the consent of plaintiffs and Oscar Mayer, the district court referred this matter to Magistrate Carr on December 31, 1987. See 28 U.S.C. Sec. 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.")